The UTE INDIAN TRIBE, Appellee,

v.

STATE TAX COMMISSION OF the STATE OF UTAH, Appellant.

No. 76–1602.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 27, 1977.

Decided Feb. 17, 1978.

Rehearing Denied June 2, 1978.

Tom D. Tobin, Sp. Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., G. Blaine Davis, H. Wright Volker, Michael L. Deamer, Asst. Attys. Gen., with him on the brief), for appellant.

F. Burton Howard, Salt Lake City, Utah (Scott C. Pugsley of Boyden, Kennedy, Romney & Howard, Salt Lake City, Utah, with him on the brief), for appellee.

Before SETH, Chief Judge, DOYLE, Circuit Judge, and STANLEY, Senior District Judge.[*]

SETH, Chief Judge.

This is an action brought by the Ute Indian Tribe against the State Tax Commission of the State of Utah for injunctive relief and for a declaratory judgment that the State of Utah sales taxes could not be levied or collected on sales of personal property made by a tribal enterprise within the boundaries of the Uintah and Ouray Reservation. The complaint also seeks the return of funds theretofore collected by the Tribe on such sales, and remitted to the State of Utah.

The trial court enjoined the State from seeking to collect sales taxes on sales made by the Tribe on the reservation, and directed the return to the Tribe of the collections theretofore made on such sales. The trial court determined that the reservation boundaries were as originally established. The State has taken this appeal.

It is apparent that this appeal is controlled basically by *Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96; *Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114, and *McClanahan v. Arizona State Tax Comm'n,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129.

In *Moe* the Court considered the relationship between 28 U.S.C. § 1341, which generally prohibits injunctions preventing the levy or collection of state taxes if there is a plain and speedy state remedy, and 28 U.S.C. § 1362 which gives the district courts jurisdiction over "all" civil actions brought by Indian Tribes in controversies arising under the Constitution, laws or treaties of the United States. The Court in *Moe* decided that 28 U.S.C. § 1362 was intended to grant jurisdiction to the district courts in civil actions in all instances where the United States could have or had the requisite interest to commence such suit. The Court relied on *Heckman v. United States,* 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820, and *United States v. Rickert,* 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532. The Court in *Moe* then said:

"... Since the United States is not barred by § 1341 from seeking to enjoin the enforcement of a state tax law, *Department of Employment v. United States, supra,* we hold that the Tribe is not barred from doing so here."

The Court in *Moe* thus indicated that the above interpretation of section 1346 was the proper method to apply section 1341 rather than using the federal instrumentality doctrine. The basis is described as a preemption of State taxing authority by federal legislation. This also apparently meets the Eleventh Amendment arguments. The Court also there discussed the state service arguments, and the General Allotment Act arguments advanced by the State of Montana. The Court in *Moe* held that it is proper to give special treatment and special preference to the Indians because they are Indians. Thus they were so set apart on racial grounds as in *Morton v. Mancari,* 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290, quoted by the Court. The Court also discussed the checkerboard problem arising from non-Indian land ownership within the reservation boundaries, and again held that the fact the plaintiffs were of a particular "racial" group and tribal organization per-

[*] Of the District of Kansas, Sitting by Designation.

mitted them to assert rights not available to non-Indians in the same area. They can also assert rights over non-Indians in the same area under *Morton v. Mancari,* 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290, cited in *Moe.*

The Court in *Moe* concluded that the State of Montana could not assess a vendor's license fee against an Indian for selling cigarettes on "reservation land," and could not apply the cigarette sales tax on "reservation sales" by Indians to Indians. The Court expressly did not extend the prohibition to sales by Indians on Indian land to non-Indians. The Montana tax was on the consumer and precollected. The Court also held that the Indian retailer could be required to collect the tax for the State on sales to non-Indians.

The Utah sales tax under Utah Code Ann. § 59–15–1 places a tax on the purchaser of tangible personal property. The seller collects the tax on behalf of the State from the buyer at the time of the sale, and remits to the State. Where a "sale" is made is defined by Utah law and for the most part is where the goods are delivered.

■ Insofar as this action seeks to have the State of Utah return sales taxes collected by the Tribe under a generalized or lump-sum claim, it must fail as these funds now in the hands of the State were paid by the buyers of the goods and not by the sellers. If anyone can seek recovery or refund, it is these buyers.

The portion of the complaint which seeks to enjoin the imposition of a sales tax is another matter. Under the decisions of the Supreme Court, referred to above, sales on trust lands by the Tribe to Indians are not subject to the state sales tax. The State here so acknowledges. The provisions of the Utah Enabling Act do not lead to a different conclusion.

■ As to sales by the Ute commercial enterprise here concerned on trust lands to non-Indians, the Utah sales tax is applicable. This is also in accordance with *Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96.

■ We also hold that sales not on trust lands by the Tribe to Indians only are not within the state taxing power.

■ We are unable from the record to find any evidence or basis for the determination by the trial court as to the boundaries of the reservation or what might constitute trust lands. The issue was not litigated apparently due to a misunderstanding as to a provision in the pretrial order. Also this was a matter which required the proof of facts and of the application of law. It was not subject to a stipulation binding on the court in any manner. The finding by the trial court as to the reservation boundaries or as to trust lands was clearly erroneous. Again, under the circumstances, this may not be an issue.

The case must be REVERSED AND REMANDED for further proceedings consistent with this opinion.